Jasen, J.
On the afternoon of March 12, 1971, Mrs. Starsy Wesey was working in her store, the Great Neck Garden Center, when two men held her up. The robbers fled but were apprehended within a short time and brought back to the scene of the crime. There, in the presence of Detective Joseph Ohlhausen, Mrs. Wesey positively identified the appellant and his accomplice. Subsequent to this identification, appellant changed his appearance by cutting his extreme Afro hairdo.
At the trial held in December, 1971, Mrs. Wesey was unable to identify appellant as he appeared then. She did testify, however, to her previous identification of two men at her store shortly after the robbery. Detective Ohlhausen subsequently testified that appellant was one of the persons that Mrs. Wesey identified at that time. Appellant now argues that the testimony of Detective Ohlhausen was inadmissible and should have been excluded.
The issue in this case — the interpretation of GPL 60.25 — has its origin in this court’s decision in People v. Jung Hing (212 N. Y. 393). In that case it was held that a witness could not bolster his present in-court identification by testifying that he had previously identified the defendant, except in certain situations not here relevant. That decision was followed, in 1927, *394 by the, addition, of section 393-b[1] to the Code of Criminal Procedure, .which authorized a witness to testify to a previous identification when identification .of /a ¡per soil “ is in issue However, .while the, statute authorized a witness who has on a . previous occasion identified such person, to testify to such a, previous, identification, it was held that the statute, did not authorize another-^-not the identifier —-to testify that he saw,, andheard the identification -made. (People v. Trowbridge, 305 N. Y. 471.)
With the adoption of the new Criminal Procedure Law; the, Legislature, replaced section ,393-b of the Code of Criminal Prqcedure i with two ¡ separate sections. . CPL .60.30[2] governs. testimpny .concerning previous identification, by a witness, who has made a trial identification, while CPL 60.25[3] applies to a situ *395 ation where the witness, due to lapse of time or change in appearance of the defendant, cannot make an in-court identification, but has on a previous occasion identified the defendant. Under such circumstances, any other witness may then establish that the defendant in court is the same person that the eyewitness identified on the previous occasion. In other words, once the witness has testified to a previous identification of the culprit, the fact that the defendant is the person whom the witness previously identified “ may be established by testimony of another person or persons to whom the witness promptly declared his recognition ’ ’ at the time he made the prior identification. (CPL 60.25, subd. 1, par. [b].) The testimony of the witness and the other person, taken together, constitutes “ evidence in chief ”. (CPL 60.25, subd. 2.)
Defendant argues that this statute “ does not extend so far as to permit testimony by other witnesses that defendant was identified ”, but that “ [t]he role of the other witnesses is to establish the fact of the sameness of the defendant and the person identified.” We cannot subscribe to such strained reasoning— that it is possible to establish the “ sameness of the defendant and the person identified ” without a showing that defendant was identified. Testimony that defendant is the person whom the witness previously identified is the necessary *396 logical link between the defendant and the person identified. If the witness who made the prior identification cannot supply that link, it must be provided by another and, in so doing, that other person will be required at some point to acknowledge that defendant was identified by the witness.[4] CPL 60.25 specifically authorizes the admission of such testimony.[5] We would note that the same result has been accomplished in other jurisdictions by judicial decision without the benefit of statute. (See, e.g., People v. Gould, 54 Cal. 2d 621 [Traynor, J.]; State v. Matlack, 49 N. J. 491, cert. den. 389 U. S. 1009; Johnson v. State, 237 Md. 283; cases collected in 71 ALR 2d 449.)
Perhaps anticipating an adverse determination on that point by this court, defendant also argues that CPL 60.25 should not be applied in this case since defendant was indicted before September 1, 1971, the effective date of that section, although the trial was held thereafter. In this regard defendant readily concedes that CPL 1.10 (subd. 2) generally authorizes the application of the provisions of that law in such a situation unless to do so “ would not be feasible or would work injustice ”. His claim is that to apply CPL 60.25 in this situation would be a violation of the constitutional prohibition on ex post facto laws. We cannot agree.
It is well settled that a statute authorizing the use of evidence not previously admissible is not an ex post facto law. (Calder v. Bull, 3 Dallas [3 U. S.] 386; Hopt v. Utah, 110 U. S. 574; People ex rel. Lonschein v. Warden of Queens House of Detention, 43 Misc 2d 109, affd. on opn. below 15 N Y 2d 663; People v. Dusablon, 16 N Y 2d 9.) Statutes that change the rules of evidence so as to require a lesser amount of evidence or evidence of different facts in order to convict are ex post facto; statutes that involve procedural changes in the manner of proof are not.
In sum, Detective Ohlhausen’s testimony was properly admissible at trial to establish defendant’s identity under CPL 60.25 *397 and the application of that section to defendant’s trial was constitutionally permissible.
For the reasons stated, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, J ones, Wachtleb and Stevens concur; Judge Rabin taking no part.
Order affirmed.

. “ When identification of any person is in issue, a witness who has on a previous occasion identified such person may testify to such previous identification.” (Code Grim. Pro., § 393-b.)

. “ § 60.30 Rules of evidence; identification by means of previous recognition, in addition to present identification.
“In any criminal proceeding in which the defendant’s commission of an offense is in issue, a witness who testifies that (a) he observed the person claimed by the people to be the defendant either at the time and place of the commission of the offense or upon some other occasion relevant to the case, and (b) on the basis of present recollection, the defendant is the person in question and (c) on a subsequent occasion but prior to the criminal proceeding, he observed the defendant, under circumstances consistent with such rights as an accused person may derive under the constitution of this state or of the United States, and then also recognized him as the same person whom he had observed on the first or incriminating occasion, may, in addition to making an identification of the defendant at the criminal proceeding on the basis of present recollection as the person whom he observed on the first or incriminating occasion, also describe his previous recognition of the defendant and testify that the person whom he observed on such second occasion is the same person whom he had observed on the first or incriminating occasion. Such testimony constitutes evidence in chief.” (L. 1970, ch. 996, § 1, eff. Sept. 1,1971.)

. “§ 60.25 Rules of evidence; identification by means of previous recognition, in absence of present identification.
“1. In any criminal proceeding in which the defendant’s commission of an offense is in issue, testimony as provided in subdivision two may be given by a witness when:
“ (a) Such witness testifies that:
“ (i) He observed the person claimed by the people to be the defendant either at the time and place of the commission of the offense or upon some other occasion relevant to the case; and
*395 “ (ii) On a subsequent occasion, but prior to the criminal proceeding, he observed, under circumstances consistent with such rights as an accused person may derive under the constitution of this state or of the United States, a person whom he recognized as the same person whom he had observed on the first or incriminating occasion; and
“ (iii) He is unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question; and
“ (b) It is established that the defendant is in fact the person whom the witness observed and recognized on the second occasion. Such fact may be established by testimony of another person or persons to whom the witness promptly declared his recognition on such occasion.
“2. Under circumstances prescribed in subdivision one, such witness may testify at the criminal proceeding that the person whom he observed and recognized on the second occasion is the same person whom he observed on the first or incriminating occasion. Such testimony, together with the evidence that the defendant is in fact the person whom the witness observed and recognized on the second occasion, constitutes evidence in chief.” (L. 1970, ch. 996, § 1, eft. Sept. 1, 1971.)

. We would note that the testimony referred to is not actually hearsay. The third party is testifying to an out-of-court statement not to prove the truth of that statement, but only to prove that the statement was made.

. Several commentators are of the same view. (Pitier, New York Criminal Practice under the CPL, p. 606; Prince, Evidence, 23 Syracuse L. Rev. 311, 313; Barker, Evidentiary Aspects of the New York Criminal Procedure Law, 38 Brooklyn L. Rev. 327, 339.)