■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL McGILL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 21, 1973, convicting him of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant and a friend, one Rhodie, were charged with having held up Ronald Davanzo on November 8, 1971 in Brooklyn and stealing a quantity of United States currency from him. Rhodie allegedly used a gun as a threat in that robbery. Both defendant and Rhodie testified at the trial that they had no connection with the robbery and that Davanzo had mistakenly identified them as the robbers at a show-up which took place at the 75th Police Precinct about an hour and a half after the robbery. Defendants had been taken into custody about 15 minutes after Davanzo called the police to inform them of the robbery. They were brought to the 75th Police Precinct by officers Clark and Raffetto, who were on radio car patrol when the description given by Davanzo of the alleged robbers was broadcast. A search of defendant and Rhodie at the precinct disclosed that

they had a total of $4 between them. No gun was found. During the trial, officers Clark and Raffetto testified, without objection, that at the precinct Davanzo had identified defendant and Rhodie as the robbers, although Davanzo had made an in-court identification. Respondent concedes that, when an eyewitness makes an in-court identification, such bolstering testimony is inadmissible (CPL 60.25; *People v Trowbridge,* 305 NY 471; see *People v Lagana,* 36 NY2d 71; *People v Nival,* 33 NY2d 391). On the present record, involving a questionable show-up, we review this error in the interest of justice despite the absence of objection *(People v Kelly,* 12 NY2d 248; *People v Hoban,* 28 AD2d 562). An additional error occurred during summation when the prosecutor violated an agreement by improperly referring to a prior youthful offender adjudication against defendant for possession of a forged driver's license. Moreover, we note that several intemperate remarks were made by the trial court in criticizing defense counsel in the presence of the jury. We do not find that the error-free proof of defendant's guilt was overwhelming. As the errors affected a substantial right of defendant (CPL 470.05, subd 1), reversal of the conviction and a new trial are required *(People v Crimmins,* 36 NY2d 230; *People v Trowbridge,* 305 NY 471, 477, *supra).* Rabin, Acting P. J., Christ, Brennan and Munder, JJ. concur; Hopkins, J., concurs in the result.