Irving Lang, J.
Defendant was charged with rape, alleged to have been committed on March 28, 1975. A jury trial was held in December, at which time the court refused to allow defendant to offer evidence of the complainant’s record as a prostitute, in accordance with recently enacted CPL 60.42.[1] Defendant was convicted[2] and has moved to set aside the verdict prior to sentence on the grounds that by applying CPL 60.42 to the instant case the court violated the ex post facto clause of the Constitution and thereby committed reversible error.
The defendant maintains that the use of CPL 60.42 deprived him of defense and impaired a substantial right — namely, the right to impeach the credibility of the State’s principal witness by means of her prior criminal record. Prior to the enactment of the statute, defendant asserts that his constitutional right of confrontation permitted him to cast doubt on the complainant’s veracity by demonstrating that she had been convicted of any crime, and that this new legislation severely curtails the exercise of that right by excluding from evidence convictions for prostitution which are more than three years old.
The People contend that the effect of CPL 60.42 is merely procedural and that it in no way alters the quantum or type of proof necessary for conviction. The ex post facto prohibition, the prosecution represents, has not been held to apply to procedural statutes, and therefore the court’s invocation of CPL 60.42 was entirely proper (see People v Nival, 33 NY2d 391).
CPL 60.42 provides:
"Rules of evidence; admissibility of evidence of victim’s sexual conduct in sex offense cases.
"Evidence of a victim’s sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the penal law unless such evidence:
*756 "1. proves or tends to prove specific instances of the victim’s prior sexual conduct with the accused; or
"2. proves or tends to prove that the victim has been convicted of an offense under section 230.00 of the penal law within three years prior to the sex offense which is the subject of the prosecution; or
"3. rebuts evidence introduced by the people of the victim’s failure to engage in sexual intercourse, deviate sexual intercourse or sexual contact during a given period of time; or
"4. rebuts evidence introduced by the people which proves or tends to prove that the accused is the cause of pregnancy or disease of the victim, or the source of semen found in the victim; or
"5. is determined by the court after an offer of proof by the accused outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice.”
The new provision has a twofold purpose: (1) to bar harassment of victims with respect to irrelevant issues; and (2) to keep from the jury confusing and prejudicial matters which have no proper bearing on the issue of guilt or innocence of the accused (see Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1975-1976 Pocket Part, CPL 60.42, p 76; Memorandum of Assemblyman Fink, NY Legis Ann, 1975, p 48). The statute is designed "to strike a reasonable balance between protecting the privacy and reputation of a victim and permitting an accused, when it is found relevant, to present evidence of a victim’s sexual conduct.” (Practice Commentary, supra, p 71.)
Upon application of the Assistant District Attorney, the trial court applied CPL 60.42 and decided, consent not being in issue, to preclude defendant’s cross-examination of the complainant regarding her numerous convictions for prostitution, which date from 1953 to 1968. The Trial Judge, however, permitted defendant to impeach the complainant with other convictions some of which were for more serious crimes. The court also allowed questioning with respect to how the complainant supported herself and whether she used any aliases or assumed names.
The United States Supreme Court, in the landmark case of Calder v Bull (3 Dallas [3 US] 386 [1798]), set down the types *757 of laws which fall within the constitutional admonition against ex post facto legislation. Justice Chase declared (pp 390-391): "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender. All these, and similar laws, are manifestly unjust and oppressive.”
Conversely, the Supreme Court, in Beazell v Ohio (269 US 167), also held that "statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage, are not prohibited.” The rationale is " 'so far as the mere modes of procedure are concerned, a party has no more right, in a criminal than in a civil action, to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place. Remedies must always be under the control of the legislature, and it would create endless confusion in legal proceedings if every case was to be conducted only in accordance with the rules of practice, and heard only by the courts in existence when its facts arose.’ ” (Thompson v Utah, 170 US 343, 351, 352, citing Cooley, Treatise on Constitutional Limitations [6th ed], p 326; United States v Fino, 478 F2d 35 [2d Cir 1973].) Whether an alteration in procedure will be held to be of sufficient moment to transgress the constitutional prohibition cannot be embraced within a formula; the distinction is rather one of degree (Beazell v Ohio, supra).
A statute is not merely procedural because it is denominated as such (People v Nival, 33 NY2d 391, 396, supra). Consequently, what procedural change amounts to an ex post facto law depends upon its effect on the accused (United States v Henson, 486 F2d 1292 [DC Cir 1973]). Two tests — impairment of defense and deprivation of substantial right — have come down to us over the years for determining whether legislation should be given retrospective effect. United States v Hall (2 Wash CC, 366, affd 6 Cranch [10 US] 171) defines an ex post facto statute as one which "in relation to the offense or *758 its consequences, alters the situation of a party to his disadvantage * * * takes away or impairs the defence which the law had provided the defendant” at the time of the offense. The Supreme Court in Kring v Missouri (107 US 221, 232) held that a procedural statute will be considered ex post facto when it takes away "any substantial right which the law gave the defendant at the time to which his guilt relates.” (See, also, People ex rel. Pincus v Adams, 274 NY 447.)
The threshold question which must be determined at the outset is: Did the trial court’s application of CPL 60.42 alter defendant’s position to his detriment, by depriving him of a defense or a substantial right which was recognized at the time of the commission of the crime?
Defendant contends that his right of confrontation was impaired by the court’s ruling. He points to the broad scope of inquiry traditionally permitted on cross-examination regarding a witness’s prior convictions. (See, e.g., CPL 60.40; People v Sorge, 301 NY 198.) In effect, therefore, the ex post facto challenge to the statute merges with a direct challenge to the statute itself as a denial of the constitutional right to confront one’s accusers.
The Sixth Amendment of the Constitution provides that "the accused shall enjoy the right * * * to be confronted with the witnesses against him,” and this substantial right is made applicable to the States under the Fourteenth Amendment (Pointer v Texas, 380 US 400). The right of confrontation encompasses the right to cross-examine (Barber v Page, 390 US 719; Smith v Illinois, 390 US 129; Douglas v Alabama, 380 US 415). The value of cross-examination lies in its use to expose falsehood and bring out the truth (Pointer v Texas, supra). It is the principal means by which the believability of a witness and the truth of his testimony are tested (Davis v Alaska, 415 US 308, 316; cf. Hoffa v United States, 385 US 293, rehearing den 386 US 940).
The "essence of a fair trial” mandates that "reasonable latitude” be accorded the cross-examiner (Smith v Illinois, supra; cf. Alford v United States, 282 US 687). Generally, where cross-examination relates to either facts in issue or relevant facts, it may be pursued by counsel as a matter of right. Denial of effective cross-examination would be " 'constitutional error of the first magnitude’ ” (Brookhart v Janis, 384 US 1, 3; cf. Davis v Alaska, supra, p 318). However, when its object is to ascertain the accuracy or credibility of a *759 witness, as it is here, the precise method and duration of cross-examination fall squarely within the sound discretion of the trial court (People v Ramistella, 306 NY 379; Richardson, Evidence [10th ed, 1973], § 490). Further, the rulings of the Trial Judge will not be disturbed unless there has been an abuse of discretion (People v Duffy, 36 NY2d 258, 262, 263; People v Schwartzman, 24 NY2d 241, 244, cert den 396 US 846; La Beau v People, 34 NY 223, 230; cf. United States v Turcotte, 515 F2d 145).
Further, a Trial Judge has broad discretion to preclude repetitive and unduly harassing interrogation (Davis v Alaska, 415 US 308, supra; cf. Fed Rules Evidence [1975], Rule 611, subd [a] [US Code, tit 28, Appendix]). The Supreme Court in Alford v United States (282 US 687, 694, supra), indicated that there is a duty on the part of the court to protect a witness "from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him.” Thus, a cross-examiner is usually permitted reasonable latitude in his questioning to put forth his view of the veracity of a witness and the character and weight of his or her evidence, provided he abstains from unjustified character assassination and vilification (Hallinan v United States, 182 F2d 880 [9th Cir, 1950], cert den 341 US 952).
In Davis v Alaska (supra), the court held that despite a State statute mandating the confidentiality of juvenile delinquency adjudications, denial of defendant’s right to cross-examine a key prosecution witness regarding such an adjudication, when it might suggest a cause for bias and prejudice of the witness, resulted in a deprivation of the defendant’s right of confrontation, necessitating reversal of the conviction (cf. People v Levy, 47 AD2d 12, where on similar facts the court reached the same conclusion).
In the majority opinion in Davis, Chief Justice Burger draws a distinction between discrediting a witness by use of prior convictions, which constitutes a "general attack on credibility,” and the specific attack on a witness’s veracity which occurs when prejudice, bias, or ulterior motives are revealed (id, p 316). The latter method of impeachment always relates directly to the issues or personalities in the case at hand and is "always relevant” to discredit the witness and affect the weight of his testimony (3A Wigmore, Evidence [Chalbourne Rev 1970], § 940, p 775); whereas impeachment by use of prior convictions is usually collateral, and the scope of *760 cross-examination permitted in this area is determined by its relevancy to the proceedings (cf. People v Sandoval, 34 NY2d 371).
Justice Stewart, in his concurring opinion, stated that the court in Davis "neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions.” (415 US 308, 321, supra.) This view is confirmed by the approach taken by the Federal Rules of Evidence which were proposed by the United States Supreme Court and adopted by the Congress (Fed Rules Evidence [1975] [US Code, tit 28, Appendix]). Rule 609 limits the use of convictions to those convictions of crimes punishable by death or imprisonment in excess of one year (felony convictions) or convictions of crimes involving dishonesty or false statement regardless of punishment.
Thus, the rule seems to be that limitation of cross-examination of prior convictions which relate to the showing of such factors as bias, prejudice, or ulterior motives clearly violate constitutional guarantees. On the other hand, restriction as to cross-examination relating to prior conviction to show general untrustworthiness is left more to the discretion of the trial court, and only an abuse of such discretion would result in error.
In the instant rape case, defendant denied having intercourse with the complainant at all, and so consent never was at issue. The only use to which the evidence of prior prostitution convictions could be put was to test complainant’s credibility. In California, an appellate court has held in similar circumstances that it is not an abuse of discretion to deny defendant the opportunity to question the victim extensively as to her prior chastity (People v Byers, 10 Cal App 3d 1401). The court observed that "[t]he probative value of the victim’s prior chastity is minimal when it appears, as in this case, that the consent of the victim will not be raised as a defense.” (Supra, p 415.) This view supports one of the expressed legislative intentions of CPL 60.42 — that prior chastity of the victim is not necessarily relevant to rape prosecutions.
However, CPL 60.42 affects more than cross-examination as to prior sexual conduct of the victim. It proscribes cross-examination as to prostitution convictions which are more than three years old and appears at first glance to be in conflict with the preceding section of the CPL. CPL 60.40 (subd 1) *761 provides: "If in the course of a criminal proceeding, any witness, including a defendant, is properly asked whether he was previously convicted of a specified offense and answers in the negative or in an equivocal manner, the party adverse to the one who called him may independently prove such conviction. If in response to proper inquiry whether he has ever been convicted of any offense the witness answers in the negative or in an equivocal manner, the adverse party may independently prove any previous conviction of the witness.” The term "offense,” as used in this provision, is defined in subdivision 1 of section 10.00 of the Penal Law as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state” (see People v Gray, 41 AD2d 125, affd 34 NY2d 903, cert den 419 US 1055). Consequently, under this definition convictions for violation of section 230.00 of the Penal Law, now a class B misdemeanor, formerly a violation, can be elicited when properly asked on cross-examination or provided by extraneous proof, if denied.
In People v Sandoval (34 NY2d 371, 374, supra), the Court of Appeals noted that CPL 60.40 "merely authorizes the introduction by way of contradiction, of independent proof of a prior conviction in the event of the denial of such conviction by the defendant or any other witness.” It does not act to divest the trial court of its discretion to set the limits on cross-examination. The statute only applies when the witness is properly asked about prior convictions on cross-examination (id). When the trial court finds the questioning goes beyond the bounds and becomes irrelevant, repetitious, harassing or unduly embarrassing, it may preclude its continuation (see Davis v Alaska, 415 US 308, supra).
Read in this context, CPL 60.42, prohibiting cross-examination as to prior sexual conduct of rape victims, works no real changes in the law and is consistent with CPL 60.40 despite the lack of cross references between the statutes. Discretion still rests in trial court to determine how far cross-examination will go based upon the same criteria as always: relevancy or probative value must be weighed against the possible harm resulting from such questioning (see CPL 60.42, subd 5).
Reviewing the evidentiary rulings made during the trial to determine if defendant was deprived of a substantial right, this court finds that under the circumstances the discretion exercised by the court to exclude certain areas from questioning was not improper. As defendant has not raised consent as *762 a defense, introduction of complainant’s prior convictions for prostitution would only have gone to the question of credibility. Cross-examination was permitted as to all other convictions, which were for more serious crimes. The purpose of such impeachment evidence, namely, that the jury be "afford[ed] * * * a basis to infer that the witness’s character is such that [s]he would be less likely than the average trustworthy citizen to be truthful in [her] testimony” (Davis v Alaska, supra, p 316), was served by the introduction which was made of complainant’s rather extensive criminal record. The additional convictions for prostitution would only have been cumulative in effect in view of the other convictions which were presented. The Court of Appeals in People v Sandoval (supra, p 376), indicated that lapse of time will affect the materiality of previous conduct. The victim’s history of prostitution dates from 1953 to 1968 and is clearly remote.
Since no substantial right or defense was denied this defendant by the retroactive application of CPL 60.42, there was no violation either of the ex post facto or the confrontation clauses of the Constitution.
This does not mean that in all instances the application of CPL 60.42 to cases arising prior to its effective date would pass muster. While the peculiar facts here do not give rise to a deprivation of a substantial right or denial of a defense, this court can easily envision circumstances when such might be the case. The statute, as currently in force, presents a myriad of problems.[3] The Legislature, obviously well intentioned in its desire to protect rape victims from additional pain and embarrassment and to further successful prosecutions of rape cases, has constructed a statute the potential impact of which may be deprivation of defendants’ rights under the Sixth and Fourteenth Amendments.
As earlier discussed, the right of confrontation implies the right to cross-examination, and denial of such a right might cause constitutional error (Davis v Alaska, supra). Where consent is at issue in rape cases, the probative value of the *763 prior conduct of the complainant is increased. To some extent the Legislature’s awareness of the problem is reflected in the exceptions it carved out in the statute (see CPL 60.42, subds 1, 2, and 3; cf. Legis Ann, 1975, p 48).
The courts in this jurisdiction have generally given broad latitude to the cross-examiner to discredit witnesses by means of either prior criminal convictions or prior bad or immoral acts (People v Sorge, 301 NY 198, supra). The two forms of impeachment are treated somewhat differently. The cross-examiner may prove prior convictions by the use of independent evidence if the witness denied the conviction (CPL 60.40), whereas acknowledgment of prior immoral acts may only be elicited from the witness himself. CPL 60.42 treats both prior licit and illicit sexual conduct of the victim in the same manner and prohibits cross-examination as to both. A narrow exception is drawn for prostitution convictions within the last three years, but older, not necessarily remote, and possibly relevant convictions can only be introduced via an offer of proof in interests of justice under the catch-all provisions of subdivision 5. Under certain circumstances this scheme could lead to difficulties and possible curtailment of legitimate cross-examination.
National trends have reflected a changing attitude regarding the relevancy of prior convictions as an impeachment tool (see Fed Rules Evidence [1975], Rule 609 [US Code, tit 28, Appendix]; People v Lent, 15 Cal 3d 481). Under People v Sandoval (34 NY2d 371, supra), the first inroads were made in this jurisdiction in the re-evaluation of the use of prior convictions on cross-examination of defendants. CPL 60.42 represents a second step which, rather than giving greater protection to defendants’ right to a fair trial, has as its aim the protection of privacy of complaining witnesses. Extension of this protection to these witnesses, however, may well impinge on defendant’s right to a fair trial.
In addition, under subdivision 3, the defendant is precluded from introducing evidence of prior lack of chastity of the complainant when the People do not affirmatively plead prior chastity on direct. Thus where consent is an issue, a defendant once again must resort to subdivision 5 to get the testimony admitted and hope that the trial court will find in his favor.
It is clear that "but for” subdivision 5, the statute would have serious problems of constitutionality. Judges confronted with applying the statute should be alert to the dangers the *764 section poses to effective cross-examination and use subdivision 5 where necessary to avoid curtailing proper interrogation.
In conclusion, the statute with the all-important subdivision 5 does not change existing law. Rather, it imposes upon the courts a legislative mandate to restrict unfair and irrelevant cross-examination of the victims of sexual crimes — a salutary purpose.
The defendant’s motion to set aside the verdict of conviction is denied.

. CPL section 60.42 (L 1975, ch 230) was approved on June 17, 1975, and became effective on September 1, 1975.

. Between verdict and sentence the Trial Judge, Mr. Justice Harold Birns, was appointed to the Appellate Division, First Judicial Department. The motion and sentence were therefore referred to this court.

. For discussion of the criticism of such statutes in other jurisdictions, see California Rape Evidence Reform: An Analysis of Senate Bill 1678 (26 Hastings L J 1551); Michigan, Limitations on the Right to Introduce Evidence Pertaining to the Prior Sexual Behavior of the Complaining Witness in Cases of Forcible Rape: Reflection of Reality or Denial of Due Process? (3 Hofstra L Rev 403); compare Note— Constitutional Restraints on the Exclusion of Evidence in the Defendant’s Favor: The Implication of Davis v Alaska (73 Mich L Rev 1465).