■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL HUNT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 3, 1975 (the date on the clerk's extract is August 5, 1975), convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The showups conducted at the victim's home and at the Criminal Court hearing were unnecessary and therefore impermissible (see *Stovall v Denno*, 388 US 293). The People have so conceded. However, the independent observations of the witnesses, based upon their recollections of the events of the night the crime was committed, render remote the possibility that the pretrial identifications tainted their in-court identifications (see *People v Burwell*, 26 NY2d 331, 336; *People v Ballot*, 20 NY2d 600, 606). It was also error for the trial court to have alluded to the prior identification of a witness and, as conceded by the People, to admit Detective Ryan's testimony regarding the complainant's pretrial identification of defendant (see *People v Malloy*, 22 NY2d 559; *People v Cioffi*, 1 NY2d 70). Mr. Murdough's testimony, alluding to his previous identifications of defendant at the *Wade* hearing and at the postindictment showup in the Criminal Court, was similarly improper. Those were not identifications within the ambit of CPL 60.30 (see CPL 1.20, subds 16, 17; *People v Annis*, 48 AD2d 622, 623). However, in view of the positive and convincing in-court identifications of defendant by Mr. Simpkins, the complaining witness, and by Mr. Murdough, his companion, which were based upon their opportunity to observe defendant on the night of the crime, such error may be treated as harmless (see *People v Milburn*, 19 NY2d 910; *People v Caserta*, 19 NY2d 18). We have reviewed these claims of error in the interest of justice, notwithstanding the failure of defense counsel to object at the trial (see *People v Kelly*, 12 NY2d 248, 250; *People v McGill*, 47 AD2d 961, 962). Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD LAVENDER, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Kings County, rendered January 12, 1976, convicting him of criminal possession of a forged instrument in the second degree, making an apparently sworn false statement in the first degree and violating subdivision 1 of section B32-358.0 ["Prohibited acts"] of the Administrative Code of the City of New York (three counts pertaining to the abandonment of a home improvement contract or project and one count pertaining to the deviation from the plans and specifications of a home improvement contract), after a nonjury trial, and imposing sentence, and (2) a decision of the same court, dated January 12, 1976, which denied his application to set aside the convictions. Appeal from the decision dismissed. No appeal lies from a decision. Judgment modified, on the facts, by reversing the conviction under subdivision 1 of section B32-358.0 of the Administrative Code which pertains to the deviation from the plans and specifications of a home improvement contract, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The People failed to establish that defendant deviated from any specific "plans or specifications" of the contract (see Administrative Code, § B32-358.0, subd 1; cf. *Fowler v Bushby*, 69 Misc 341). Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.