■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL ALTMAN, Appellant.—Appeal by defendant from two judgments of the County Court, Nassau County, both rendered December 20, 1976, one convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence (Indictment No. 44232) and one convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence (Indictment No. 44337). Judgment rendered under Indictment No. 44337 affirmed and case remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Judgment rendered under Indictment No. 44232 reversed, as a matter of discretion in the interest of justice, and new trial ordered. We reverse the judgment under Indictment No. 44232 for the following reasons: First: The People were permitted to improperly bolster the identification testimony of the complaining witness, who was the sole witness to the incident. Thus, at the trial, Detective Romano testified that the complaining witness had identified the appellant at a station house lineup. This was clearly improper since the witness was able to identify the appellant at the trial (see *People v Trowbridge,* 305 NY 471; cf. *People v Nival,* 33 NY2d 391; *People v Lagana,* 36 NY2d 71). Second: The prosecutor elicited the fact that one of the appellant's alibi witnesses had not reported to the police, or the District Attorney, the fact that appellant had allegedly been with him during the time the crime was allegedly committed. Given the facts of this case, that was reversible error (see *People v Mims,* 59 AD2d 769; *People v Hamlin,* 58 AD2d 631). In a case where the guilt of the defendant was proven overwhelmingly, we might have found that those errors did not require reversal of the judgment. However, in the instant case, the appellant presented several alibi witnesses who placed him many miles from the scene of the crime. In addition, while the complaining witness testified that the appellant had had "bristles" but not a beard, several witnesses for the defense testified that he had had a full-grown beard well before, and up until and including, the time of the crime. Under all of the circumstances herein, and in the interest of justice, a new trial is required as to Indictment No. 44232. The situation is different, however, as to defendant's plea of guilty to the crime of attempted robbery. A reversal of the judgment rendered on Indictment No. 44337 is not required by the reversal of the conviction under Indictment No. 44232 (see *People v Lowrance,* 41 NY2d 303). Shapiro, J. P., and Cohalan, J., concur; Margett and O'Connor, JJ., concur in the result, but note that insofar as reliance is placed upon *People v Mims* (59 AD2d 769) and *People v Hamlin* (58 AD2d 631), they do so on constraint of the holdings in those cases.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BATTLE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 11, 1977, convicting him of two counts of robbery in the first degree and two counts of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although certain questions asked, and remarks made, by the prosecutor during the trial concerning the alibi witness were improper, we believe that, under the circumstances presented herein, the defendant was not denied a fair trial (see *People v Owens,* 58 AD2d 898). Latham, J. P., Suozzi, Margett and Hawkins, JJ., concur.