OPINION OF THE COURT
Julian A. Hertz, J.
Defendant, Antonio Mendez, is charged with theft of services under section 165.15 of the Penal Law, a misdemeanor. After a nonjury trial, the defendant has moved to dismiss the information. Defense counsel claims that application of section 165.15 (subd 6) to his client would violate the ex post facto clause of the United States Constitution (art I, § 10).
*448 Subdivision 6 states that a person is guilty of theft of services when: "He knowingly accepts or receives the use and benefit of service, including gas, steam or electricity service, which should pass through a meter but has been diverted therefrom, or which has been prevented from being correctly registered by a meter provided therefor, or which has been diverted from the pipes, wires or conductors of the supplier thereof. In any prosecution under this subdivision proof that service has been intentionally diverted from passing through a meter, or has been intentionally prevented from being correctly registered by a meter provided therefor, or has been intentionally diverted from the pipes, wires or conductors of the supplier thereof, shall be presumptive evidence that the person who accepts or receives the use and benefit of such service has done so with knowledge of the condition so existing”.
Defendant is charged under this subdivision with knowingly accepting and receiving the use and benefit of electrical service from Con Edison which should have passed through a meter but which was diverted therefrom, during the period running from September 30, 1975 to June 16, 1977. Subdivision 6 was added to the Penal Law and became effective on September 1, 1976.
The United States Supreme Court, in the landmark case of Calder v Bull (3 Dallas [US] 386 [1798]) set forth the types of laws which would fall within the constitutional prohibition against ex post facto legislation. Justice Chase (pp 390-391) declared:
"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender. All these, and similar laws, are manifestly unjust and oppressive. ”
It is clear from the fact pattern underlying the complaint that this situation falls under the first such classification of ex post facto laws as just set forth. Subdivision 6 enacts a new criminal statute. Prior to the enactment of this new *449 subdivision 6, the old subdivision 6 (now subd 7) prohibited conduct involving tampering with the delivery of metered gas, steam or electrical equipment. This new subdivision 6 separately punishes the acceptance and receipt of such diverted service (Hechtman, 1976 Supplemental Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, pp 25-26). Therefore, application of this new subdivision 6, to conduct prior to the effective date of the statute would be prohibited under the ex post facto doctrine. (See Beazell v Ohio, 269 US 167; Thompson v Utah, 170 US 343; Kring v Missouri, 107 US 221; People v Conyers, 86 Misc 2d 754; People v Nival, 33 NY2d 391; People ex rel. Pincus v Adams, 274 NY 447.)
This court, however, holds that even though subdivision 6 cannot be applied to the period prior to the effective date of the statute, the defendant is chargeable by reason of the presumption contained in this section for the receipt of the benefits of service on or after the effective date thereof. Given that strict construction of a penal statute is required, proof has been adduced that service has been intentionally diverted from passing through a meter. That constitutes, by virtue of the facts disclosed at trial, presumptive evidence that the person who accepted or received the use of such service has done so with knowledge of the "condition” so existing. The "condition” of such diversion of service, was continuous and remained throughout the entire period in question here. The statute does not require a specific time when this "condition” must exist to come under this section. This "condition” was present on September 1, 1976 and continued throughout the remaining period charged. Therefore, the fact finder must determine whether it is ultimately believed that the defendant has received the benefits of a meter alteration or diversion, on or after the period following the effective date of this subdivision. The court concludes affirmatively.
As a collateral matter, this court finds the presumption of knowledge contained in this section to be reasonable and it complies with constitutional standards. Only recently the Legislature recognized the difficulty of obtaining proof of actual tampering (present subd 7). Such proof can be produced only in the rare instance where one is caught red-handed altering the electrical circuit to bypass a meter. It would be a travesty to hold that only in such a case could the Legislature prohibit substantial and continuous profit by way of theft.
*450 It would be quite strange to permit the defendant to avoid responsibility here merely on his claims that he made it under the wire before the Legislature acted. And this conclusion is buttressed by the fact that tampering was unlawful since 1909 when the section was first enacted.
Finally, the court takes note of the decision by Judge Shapiro in People v Casteneda (92 Misc 2d 687), upholding the constitutionality of the presumption forming a part of the subdivision of the section in question.
The motion is denied and the defendant is found guilty of violating subdivision 6 of section 165.15 of the Penal Law.