THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO ORTIZ, Appellant.—Appeals by defendant from (1) a judgment of the Supreme Court, Queens County, rendered July 27, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered August 18, 1977, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgments affirmed. Although it was error for the People to elicit from the complainant that he had picked defendant's photograph from a group of photographs shown to him, the trial court immediately sustained defendant's objection and gave curative instructions to the jury. Similarly, the court and the People erred in eliciting testimony as to the victim's identification of defendant at a *Wade* hearing. Under the law existing at the time of the trial (see CPL 60.30), a witness could testify with respect to a "previous recognition" of the defendant only where the prior observation occurred subsequent to the offense but prior to the criminal proceeding. (The statute was amd [L 1977, ch 479, § 2], eff Sept. 1, 1977, so as to eliminate the clause "but prior to the criminal proceeding".) However, no objection was taken by defendant's counsel to this testimony. Moreover, with regard to both errors, it is our view that the positive and convincing in-court identification of defendant by the complaining witness, based upon independent observations made on the afternoon when the crime was committed, rendered the errors harmless *(People v Crimmins,* 36 NY2d 230; *People v Hunt,* 54 AD2d 947). We have reviewed defendant's remaining contentions and find them to be without merit. Martuscello, J. P., Latham, Damiani and Titone, JJ., concur.