OPINION OF THE COURT
Nanette Dembitz, J.
This juvenile delinquency proceeding against a 15-year-old boy poses a novel issue with regard to pretrial identifications. The complainant, a 62-year-old retired school teacher, testified that she was stopped in the vestibule of her apartment build *920 ing by three youths; one youth, standing face-to-face with her, directed her to give him her money and said "now” to a second youth standing to her right; the latter then took a knife from his pants leg and held it at her throat; the third youth stood between the other two.
According to the complainant’s further testimony, while she recognized the first two youths with certainty later at the police station, she had been unsure as to a third person exhibited to her, saying only that he was "probably” the third youth. At the trial she was similarly indecisive, testifying merely that respondent "resembled” the third youth.
The Assistant District Attorney offered to prove, through the arresting officer, that the complainant had in fact identified respondent, who was the third person exhibited to her at the police station, with certainty. At common law, the officer’s testimony would be inadmissible because it involves the basic evil of hearsay, that the testifier cannot be cross-examined as to the veracity and basis of the statement he reports. The District Attorney argues, however, that the officer’s testimony is admissible under CPL 60.25. Such section provides that when a witness is "unable at the proceeding to state, on the basis of present recollection, whether or not the defendant” was the perpetrator, a third party may testify "that the defendant is in fact the person whom the witness observed and recognized” as the guilty person on some occasion after the alleged crime. In the light of the history and purpose of CPL 60.25, however, this court concludes that despite the above-quoted language the District Attorney’s offer of proof must be rejected and the objection of respondent’s attorney sustained.
The uncertainty of the victim’s identification at the trial of the respondent qualifies, in the court’s opinion, as a present inability to state whether or not the defendant was the perpetrator within the meaning of CPL 60.25. Accordingly, pursuant to that section, the police officer can give evidence, admissible as evidence in chief, as to the witness’ past identification of respondent. The more difficult issue, however, is whether the officer can testify only as to the sameness of respondent and the person the witness previously identified, or can also testify, in accordance with the District Attorney’s offer of proof, as to the witness’ statement of identification.
The District Attorney argues that the latter as well as the former type of testimony is admissible under the appellate *921 interpretations of CPL 60.25. In support of his argument are Court of Appeals statements that "pursuant to statute (CPL 60.25), a witness to an identification by another is permitted to give evidence in chief as to the original identification where the 'identifying witness is unable to make an identification at trial’ ” (People v Morales, 37 NY2d 262, 272), and that CPL 60.25 permits "the fact of the prior identification to be established by the testimony of another person when the identifying witness is unable to make an identification at trial”. (People v Lagaña, 36 NY2d 71, 74.) However, it is clear from the recital of evidence in the lower court opinion in Lagaña (see 43 AD2d 834, 835) that the third person’s testimony only supplied the proof that the defendant was the person the witness previously identified. More important, both of these decisions as well as Appellate Division declarations to the same effect are based on the foundation case of People v Nival (33 NY2d 391, cert den 417 US 903).
In Nival, the complainant-victim was unable to identify the defendant at the trial but she testified that she had identified the perpetrator shortly after the crime. A detective then testified that defendant was the same person the witness had previously identified. Upholding the admissibility of the detective’s testimony, the court explained that its purpose was to supply "the necessary logical link between the defendant and the person identified” out of court and that the detective’s testimony was "not actually hearsay. The third party is testifying to an out-of-court statement not to prove the truth of that statement, but only to prove that the statement was made”. (33 NY2d, at p 396, n 4.)
The court noted that the third party "will be required at some point to acknowledge that defendant was identified by the witness” (33 NY2d, at p 396). However, it is clear from the court’s discussion that testimony as to the witness’ prior statement of recognition is admissible only insofar as it is incidental to the proof of the sameness of the defendant and the person previously identified. In short, the third party’s testimony is probative only as to the fact that defendant was the person the witness was viewing when, according to the witness’ testimony, he identified someone at the police station as the perpetrator.
Thus, under the Nival reasoning, the testimony of the police officer herein that the victim had, at the police station, shortly after the robbery, identified respondent with certainty, is *922 inadmissible hearsay.[1] The officer can only give evidence that respondent is the person to whom the victim referred when she testified that she had recognized someone at the police station as "probably” the third youth.
It should be noted that the limitation of third-party testimony to proof of linkage is consistent with the history of CPL 60.25 and the view of the original commentator thereon.[2] The Code of Criminal Procedure had liberalized the common-law rule barring a witness’ testimony as to his pretrial identification of defendant, except under special circumstances. The code removed that prohibition, but was interpreted as maintaining the inadmissibility under the rule against hearsay of third-party testimony as to any aspect of such identification. (See People v Spinello, 303 NY 193, 203; People v Trowbridge, 305 NY 471.) The CPL was enacted to modify the latter rule, but there is no indication that it was intended to have the broad effect the District Attorney proposes, permitting a dangerous form of hearsay. The interpretation of CPL 60.25 applied herein, that the third party is only permitted to supply the missing link between the defendant and the previously identified person, is confirmed by CPL 60.25 holdings that third-party testimony as to the witness’ prior identification of defendant is admissible only if the witness is unable to make an in-court identification. (See People v Altman, 63 AD2d 684; People v Blanchard, 55 AD2d 968, 970; People v McGill, 47 AD2d 961, 962.)
Without the police officer’s testimony that the victim identified respondent with certainty, respondent’s guilt cannot be established beyond a reasonable doubt. The petition against him is therefore dismissed.

. See, also, People v Gonzalez (61 AD2d 666, 670) holding admissible third-party "testimony confirming [the] * * * identification” that the witness had made out of court. However, the factual context indicates that the court referred to confirmation merely in the sense of linking the defendant with the person previously identified.

. See Denser, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.25, p 242.