■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORESTES BAYRON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS ROMAN, Appellant. — Judgments of the Supreme Court, Bronx County (Joseph Cerbone, J.), both rendered on May 9, 1983, convicting defendants after a joint trial of the crimes of robbery in the first degree and sentencing each of them to a term of imprisonment, affirmed.

The complainant, Abraham Rodriguez, visited a sick friend in the Hunts Point area of The Bronx. After the visit had been concluded he stopped at a bar on Westchester Avenue where he drank a number of glasses of beer. At about 3:30 A.M., he repaired to a nearby bus stop. While waiting for the bus, he was jumped by a group of four or five young men. One of the group held a gun to his chest while another put a knife to his back. He was then forced into the courtyard of a nearby building by the

two who were carrying weapons, where he was relieved of the balance of his weekly paycheck of $280, which he had cashed earlier that day, and his house keys.

After the robbers had left he returned to the bar where he borrowed $2 from the owner. He then took a taxi to the precinct station where he informed two officers of what had happened. They placed him in the rear seat of a patrol car, drove to the bar and then commenced cruising the area. The patrol lasted about 15 minutes during which time they passed a number of people. Suddenly, in front of 1000 Hoe Avenue, Rodriguez spotted three men standing together. He pointed the group out to the two officers. The officers exited from the vehicle and placed the three men under arrest. Rodriguez then stepped from the vehicle and identified two of the men as those who had robbed him. He also told the officers that the third man had not been involved and the police released him.

A pretrial *Wade* hearing was held at which Rodriguez refused to identify defendants. When asked if he saw the men in court who had robbed him he responded, in English:

"Wait one minute, I cannot see them, absolutely none of them because they can see me another day and take away my life. Because my boss told me don't do.

"THE COURT: Listen mister, just answer Yes or no. Do you see any of those two men in the courtroom, yes or no?

"THE WITNESS: No, I don't know, I don't want to see them".

The court precluded Rodriguez from identifying defendants at trial. However, in response to a motion by defendants' counsel to preclude introduction of Rodriguez' identification of defendants to the police officers at the time of arrest because the requirements of CPL 60.25 had not been met, the hearing court denied defendants' application, holding that the refusal of Rodriguez to identify defendants was the product of fear.

At the trial Rodriguez confirmed that the persons identified by him to the police officers were the men who had robbed him. However, both on direct and cross-examination he reiterated his refusal to identify defendants. The defense attorneys then moved again to preclude the police officers from testifying to the out-of-court identification. That motion, like the motion made at the *Wade* hearing, was denied. The police officers were then permitted to testify to the identification of defendants by Rodriguez at the time of arrest.

CPL 60.25 provides, in substance, that where a person testified that (1) he saw a defendant at the time of the commission of the crime and (2) thereafter observed him under circumstances

consistent with defendant's rights under the Federal and State Constitutions and at that time, recognized him as the person who committed the crime, and (3) is unable on the basis of *present recollection* to state that the defendant is the person in question, (4) a third person who witnessed the identification may testify to it.

Concededly, this is not the ordinary case where the recollection of the identification witness has been dimmed by the passage of time (*People v Nival,* 33 NY2d 391) or recognition has been made difficult by a change in defendant's appearance (*People v Cwikla,* 46 NY2d 434). Here identification by the complainant has been made impossible by fear, a fear which, unfortunately, afflicts those segments of society who are most frequently the victims of criminal activity. However unreasoned or unjustified the fear, its existence must be recognized. The court found that such was here the case, and that, by reason thereof, it was impossible for Rodriguez to identify defendants. Given this finding, which we find warranted by the record, we hold that the groundwork for the application of CPL 60.25 was properly laid and the testimony of the police officers to the out-of-court identification by Rodriguez was properly admitted. Once this testimony was admitted there was an adequate basis for a finding of guilt, beyond a reasonable doubt. Concur — Ross, Asch and Bloom, JJ.

Kuperman, J. P., dissents in a memorandum as follows: I would reverse and order a new trial. This is a troublesome case where there is a substantial doubt as to the guilt of the defendants and, therefore, the technical rules should be observed.

There is no doubt as to the robbery, and, in fact, the defendants conceded that they raised no issue as to it. The only question was the identity of the culprits.

The complainant was carrying the net proceeds of his paycheck, being some $280, when a visit to a sick friend brought him to the Hunts Point section of The Bronx. After the visit, he stopped at a bar and drank a substantial amount of beer, leaving there in the wee hours of the morning. While waiting for a bus, he was held up by a group of four or five young men, one of whom had a knife and another a gun.

The complainant returned to the bar and borrowed $2 from the manager in order to take a taxi to the police station. He accompanied two officers in their patrol car and covered the area. He pointed out the appellants who, with a third man, were standing in the street. The complainant eliminated the third man as a participant.

In the defendant Bayron's pocket was $70. The defendant Roman had no money. No weapons were found on the defendants. The manager testified that the defendants had been in the bar all evening. In fact, there was testimony that when the complainant came back to borrow money, one of the defendants notified him when the taxi arrived. Obviously, he saw them in the bar yet made no comment.

When the complainant reached the point in his testimony where he was asked to identify the defendants, he refused to look at them. At an earlier stage, in a *Wade* hearing, he indicated his fear if he identified them.

The court struck his testimony so that, at that point, there was no case against the defendants.

The People then presented the testimony of the two police officers to the effect that he had identified the two defendants at the time of their arrest, which was about one hour after the robbery. The exception to avoid the probable bolstering (*People v Trowbridge,* 305 NY 471) to authorize his testimony is CPL 60.25. However, the linchpin for the application of this section is the witness' inability "to state, on the basis of present recollection, whether or not the defendant is the person in question" (CPL 60.25, subd 1, par [a], cl [iii]).

The problem for the complainant was not inability to remember but allegedly fear of reprisal. Therefore, whether the testimony of the police officers is admissible could lead to a negative conclusion. This conclusion is bolstered by the fact that the complainant may have been under the influence of alcohol and the manager of the bar, seemingly an objective witness, gave the defendants an alibi. With this substantial doubt, the application of the bolstering rule becomes all the more significant.