## (September 13, 1982)

■ In the Matter of the Application of FRANK KIEPURA for Reinstatement as an Attorney. — Application for reinstatement. In May, 1980, petitioner was suspended from the practice of law for two years and until further order. The instant application for reinstatement was referred to the Committee on Professional Standards for investigation. The committee has reported that petitioner has complied in all respects with the order of suspension and that his conduct during the period of suspension has been good. Application granted and petitioner reinstated effective immediately. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

## (September 15, 1982)

■ In the Matter of MARIO J. MUSOLINO, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered September 10, 1982 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid the designating petitions naming petitioner as a candidate of the Democratic and Liberal Parties for the office of Member of the Assembly from the 100th Assembly District in the September 23, 1982 primary election. We affirm Special Term's dismissal of the proceeding on the ground that it was not instituted within the time specified by subdivision 2 of section 16-102 of the Election Law. That statute states that a proceeding with respect to a petition "shall be instituted within fourteen days after the last day to file the petitions". Here, the last day to file petitions was August 10, 1982 and the last day to institute proceedings was August 24, 1982. In his petition, petitioner states that he was informed of the adverse determination of the State Board of Elections on Tuesday, August 24, 1982, at approximately 3:15 P.M. However, the order to show cause bringing on this proceeding was not obtained until Monday, August 30, 1982, and then was not served on the board until Wednesday, September 1, 1982. It is, therefore, apparent that the proceeding was not timely instituted and, under the circumstances presented, we are unable to conclude that it may be saved under the doctrine enunciated in *Matter of Pell v Coveney* (37 NY2d 494) wherein notice of the board's determination invalidating the petitions was not received by the petitioners until after the last day for commencing proceedings had passed and the proceeding was then promptly commenced on the same day notice was received. In view of this determination, our consideration of the merits of the petition is precluded. Judgment affirmed, without costs. Sweeney, J. P., Kane, Weiss and Levine, JJ., concur.