■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PONTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Delury, J.), rendered April 2, 1981, convicting him of robbery in the first degree, robbery in the second degree, burglary in the second degree, criminal possession of a weapon in the fourth degree and trespass, upon a jury verdict, and imposing sentence. Judgment affirmed. On January 31, 1980, at approximately 4:30 P.M., the complainant Sandor Pavel was robbed at knifepoint in his sweater factory by two men. Defendant and his cohort were arrested on February 24, 1980 at that same location where they alternately claimed to be looking for work and looking for a shirt. A police officer, who had responded to a radio call indicating a burglary in progress at the subject location, arrested defendant and his companion upon observing a broken skylight and an interior security door which had been opened. At this point, Mr. Pavel informed the officer that the men he had just arrested were those who had robbed him the month before. Although Pavel was unable to make a positive in-court identification of the defendant and his companion, he testified that on February 24, 1980, he had been 100% certain of his identification. Defendant and his codefendant were charged with trespass with respect to the February 24, 1980 incident and with robbery in the first degree, robbery in the second degree, burglary in the second degree and criminal possession of a weapon in the fourth degree as a result of the prior incident. Testimony regarding a prior identification made by the victim of a crime is expressly permitted pursuant to CPL 60.30. Mr. Pavel's testimony that he was 100% certain of his prior identification was properly admitted. It is moreover permissible for a third party to testify as to the previous identification made by a witness where such witness is unable to make an in-court identification (CPL 60.25; *People v Lagana,* 36 NY2d 71, 74, cert den 424 US 942). In the matter at bar, the witness was 80 to 90% certain of his in-court identification "but not one hundred per cent because it is already a year". The uncertainty evidenced

by the victim thus rendered it permissible for the arresting officer to testify that the defendant was one of the individuals identified by the victim a month subsequent to the initial crime. While it was patently improper for the prosecutor to have bolstered the identification testimony by asking the arresting officer on redirect how certain Mr. Pavel had been of his identification, no objection was taken to the testimony. Although the matter is nevertheless reviewable in the interests of justice, such error is rarely deemed a basis for a new trial unless undue prominence is afforded the bolstering testimony (*People v Burgess*, 66 AD2d 667, 668). This is not the case herein. With respect to the improper comments made in the course of the prosecutor's summation regarding elements missing from defendant's alibi evidence, the trial court immediately rendered curative instructions sufficient to dispel any attendant prejudice (*People v Gonzalez*, 38 NY2d 208, 210). In view of the overwhelming evidence of guilt such that a guilty verdict was "almost certain" on the evidence presented, even when the aforesaid errors have been excised, such errors must be deemed harmless (*People v Crimmins*, 36 NY2d 230, 242). We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.