■ The People of the State of New York, Respondent, v Robert Davis, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction, following a jury trial, of murder in the second degree (Penal Law, § 125.25, subd 2), assault in the second degree (Penal Law, § 120.05, subd 2) and criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]). We find no merit to the defendant's contention that his oral and written statements must be suppressed on the ground that his confession was involuntary and the product of police coercion. The taped recording of the defendant's confession reveals that, under the totality of the circumstances, his statements were voluntary and not the product of police pressure (*Clewis v Texas,* 386 US 707, 708; *People v Anderson,* 42 NY2d 35, 38). We also find no merit to the defendant's contention that his statements must be suppressed because the police failed to honor his request to discontinue the interrogation. At the conclusion of the defendant's oral confession and just prior to the taking of his written confession, the defendant stated: "I don't feel like doing much more." Such a statement does not rise to the level of a request to stop the interview and is not sufficient notification to the police that the interview must cease (see *Michigan v Mosley,* 423 US 96, 97). Even if we were to hold that the afore-mentioned statement was a request to stop the questioning, we would exclude only the written statement thereafter taken. The taped confession would still be admissible, and since the written statement is merely a summary of the oral confession, any error in its admission would be harmless (see *People v Sanders,* 56 NY2d 51, 66-67). We have reviewed the defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. —

murder, second degree, and other charges.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.