receptacle for storing glassine envelopes (*United States v Ross,* 456 US 798; *People v Belton, supra; People v Smith, supra*). Inasmuch as the search of the passenger compartment of defendant's vehicle and the package within the compartment was not improper there was no legal basis for suppressing the brown paper package and the glassine envelopes containing a white powdery substance. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY WALKER, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Westchester County (Rubin, J.), imposed April 6, 1981. Sentence affirmed. (See *People v Suitte,* 90 AD2d 80.) Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY WALKER, Also Known as RICHARD MCGRIBB, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered March 30, 1981, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The issue of the credibility of the People's witnesses was properly submitted to the jury and the evidence is sufficient in both quantity and quality to support the verdict (*People v Gruttola,* 43 NY2d 116, 122; *People v Joyiens,* 39 NY2d 197, 203; cf. *People v Reed,* 40 NY2d 204, 208; *People v Santos,* 38 NY2d 173, 175-176). We have examined the defendant's other contentions and find them to be either unpreserved or without merit. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE WILLIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered April 15, 1981, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant claims that the trial court erred in failing to instruct the jury with respect to the intoxication and justification defenses. However, defendant did not request such charges and did not object to the failure to so charge. Accordingly, he waived such objections. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.

# THIRD DEPARTMENT, SEPTEMBER, 1983

## (September 8, 1983)

■ In the Matter of SHIRLEY E. READDEAN, Appellant, v EDWARD C. ROSSI et al., Constituting the Board of Elections of Schenectady County, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Graves, J.), entered September 2, 1983 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid the designating petition naming petitioner as Democratic Party candidate for the Schenectady City Council in the September 13, 1983 primary election. Judgment affirmed, without costs (*Matter of Musolino v New York State Bd. of Elections,* 89 AD2d 1033). Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.