■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DILLA-HUNT, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Kings County (Lombardo, J.), both rendered December 16, 1981, convicting him of two counts of robbery in the first degree, upon his pleas of guilty, and imposing sentences. ¶ Judgments affirmed. ¶ We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised upon appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIPPE DURE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Shaw, J.), rendered June 2, 1980, convicting him of murder in the second degree and five counts of robbery in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ On April 22, 1979, an armed robbery took place at the Silhouette Lounge, located on Utica Avenue in Brooklyn, during the course of which an employee was fatally shot. ¶ On this appeal, defendant contends, among other things, that his guilt was not established beyond a reasonable doubt because the evidence concerning identification consisted of testimony by a police detective as to a prior identification made by an eyewitness. We disagree. ¶ First, there can be no question but that the detective's testimony was properly received. Once the eyewitness testified that she had observed the perpetration of the crime and had made a positive identification of the defendant at a subsequent time but could not identify the defendant at trial on the basis of her present recollection, testimony establishing that the defendant was the person she had identified was admissible (CPL 60.25; *People v Lagana,* 36 NY2d 71; *People v Nival,* 33 NY2d 391, app dsmd 417 US 903; *People v Ponton,* 90 AD2d 799). While this was the only identification evidence at trial, it constitutes "evidence in chief" (CPL 60.25, subd 2) and "substantive evidence of identification" (Richardson, Evidence [Prince, 10th ed], § 521, p 514; see, also, CPL 1.20, subd 40; *United States v Lewis,* 565 F2d 1248, 1252, cert den 435 US 973). As such, it is sufficient to support the jury's verdict (*People v Gruttola,* 43 NY2d 116, 122; *People v Joyiens,* 39 NY2d 197, 203; *People v Walker,* 96 AD2d 1108). ¶ The other issues tendered by defendant are clearly without merit and do not warrant discussion. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GAINES, Also Known as RAY NELSON, Also Known as LEROY HALL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rubin, J.), rendered August 27, 1981, convicting him of attempted grand larceny in the second degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GREEN, Appellant. — Judgment of the Supreme Court, Kings County (Shaw, J.), rendered April 18, 1980, affirmed. (See *People v Davis,* 91 AD2d 1191.) Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.