OPINION OF THE COURT
Alfred H. Kleiman, J.
Defendant Gregory Sapp moved to set aside a verdict of guilty of riot in the first degree and robbery in the second degree rendered by this court after a trial without jury. Defendant raised questions of law concerning pretrial and in-court identification testimony admitted against him. Specifically, he asked this court to decide novel questions about the applicability of CPL 60.25 and 60.30.
In the early morning hours of April 19, 1984, a large group of youths went on a violent rampage inside a New York City subway train. Police detained at least 100 youths in a Manhattan subway station and immediately conducted a "showup” on the station platform at which several of the victims walked *91 up and down a line of suspects identifying those who allegedly attacked and robbed them. One victim, Kathleen Deady, identified defendant Sapp at the "showup.” Several hours later a more formal lineup was conducted at a transit police station house where Deady again identified Sapp.
The defendant moved to suppress any in-court identification by Ms. Deady. Testimony adduced at a consolidated bifurcated Wade hearing conducted before me revealed that in preparation for Ms. Deady’s testimony before the Grand Jury, an Assistant District Attorney showed her group photographs taken at the station house lineup. She was unable to pick out defendant Sapp in the group photos. The assistant then showed her an individual picture of Mr. Sapp whom she then identified as one of her attackers.
Defendant’s counsel argued, and the court so found, that the display of the individual photograph in the District Attorney’s office was suggestive and therefore might taint any in-court identification by Ms. Deady of Mr. Sapp. The court therefore reserved decision pending a further hearing to give the People an opportunity to establish an "independent source” for any in-court identification through eyewitness testimony (People v Rahming, 26 NY2d 411 [1970]). Counsel stipulated that the further hearing would be held within the trial and defendant Sapp reserved his right to suppress any in-court identification after hearing Ms. Deady’s testimony. Counsel further stipulated that to the extent relevant and admissible, the evidence adduced at the hearing would also constitute trial evidence.
Near the end of Ms. Deady’s direct examination at trial, she indicated that she could positively identify one of her attackers in court. After a brief colloquy off the record, defendant’s counsel stated: "In view of that discussion, just for the record, I would like to indicate that I’m aware of a certain problem that may arise with this identification that is coming in. I’m not going to object. I’ll reserve my right to move to strike at a later date.” Ms. Deady then positively identified defendant Sapp. She was asked, "as to the gentleman you just referred to are you positive, in other words, that that was the person who did something to you on the train at that time?” The witness answered "Yes.”
On cross-examination defendant’s counsel sought to impeach Ms. Deady and discredit the in-court identification. He was successful; Ms. Deady at one point stated "I could not say definitely that my identification made here in court was based *92 on what happened on the train as opposed to being shown a photograph.”
Subsequently, the District Attorney, citing CPL 60.25, called the police officer who arrested defendant to testify that Ms. Deady had identified defendant to him at the station platform "showup” and at the lineup. Defense counsel objected strenuously, arguing that since the witness had made a positive in-court identification, third-party testimony would impermissibly bolster that identification in violation of the rule set down in People v Trowbridge (305 NY 471 [1953]). He further argued that testimony as to a prior identification might be permissible only under CPL 60.30 which does not provide for third-party testimony. Defense counsel specifically stated, however, that he did not intend to move to strike Ms. Deady’s in-court identification, thus essentially withdrawing his motion to suppress her in-court identification.
CPL 60.25 allows third-party testimony as to a witness’ prior identification of a defendant if three tests are met: the witness must have first observed the defendant at the time and place of the commission of the offense (CPL 60.25 [1] [a] [i]), the witness must have subsequently observed the defendant under circumstances consistent with due process (CPL 60.25 [1] [a] [ii]), and the witness must be "unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question” (CPL 60.25 [1] [a] [iii]). No arguments were raised as to the first two requirements. The court’s determination to allow the police officer’s testimony in this case turned on its interpretation of the last requirement.
Both CPL 60.25 and its companion section 60.30 constitute a statutory recognition of the value and importance of out-of-court identifications. Because showups or lineups take place soon after the incident, they are likely to be more reliable than in-court identifications months or years later. And the constitutional safeguards available in out-of-court identification procedures are not available in the courtroom. (See, Sobel, Eyewitness Identification § 1.3; 4 Weinstein, Evidence, at 801-3-801-7.) Thus a witness may testify to a prior identification, even if he is also able to make an in-court identification (CPL 60.30). CPL 60.25 allows a third party to testify to a prior identification by an eyewitness when due to the lapse of time and other factors the eyewitness is "unable” to make an in-court identification.
*93 The reasoning behind the distinction between CPL 60.25 and 60.30 is concisely set out in People v Nival (33 NY2d 391 [1974]). If the witness can identify the defendant in court, his testimony that he picked out the defendant on a prior occasion is trustworthy. If, however, the witness cannot identify the witness in court, the witness will, of course, be unable to testify that he identified the defendant on a prior occasion. Therefore CPL 60.25 allows a third party, most often a police officer, to testify that the witness identified the defendant previously. The third-party witness is said to provide the "logical link” between the defendant and the prior identification (supra, at pp 395-396).
Under this reasoning, then, the question as to when a third-party witness is needed depends upon whether the primary witness is able to provide a trustworthy link between the defendant and the prior identification. In the case at bar, an intervening event, the showing of the suggestive photograph, rendered Ms. Deady incapable, by her own admission, of stating on the basis of present recollection whether defendant Sapp was the person she had identified immediately after the incident.
Defendant argued that in any event the police officer’s testimony as to the prior identification could only bolster Ms. Deady’s testimony, citing Trowbridge (supra). In Trowbridge, the Court of Appeals wrote that allowing a police officer essentially to repeat the witness’ testimony would improperly enhance the identification and prejudice the jury: "Numerous repetitions by various witnesses of the fact that on a particular occasion an identification was made by a complainant or other person are * * * capable of exaggerating, in the minds of lay persons, the probative value of properly received substantive proof of identity, are * * * capable of endowing such proof with an undeserved aura of trustworthiness, and are * * * apt to have attributed to them some probative effect despite their hearsay character” (supra, at p 477). The above rule is obviously not applicable in situations governed by CPL 60.25. (See, People v Nival, supra; People v Lagana, 36 NY2d 71 [1975].) The Trowbridge rule is only applicable where the witness makes a positive in-court identification; to allow third-party testimony under those circumstances could improperly bolster an identification. (People v Johnson, 57 NY2d 969 [1982]; People v Mobley, 56 NY2d 584 [1982]; People v Morales, 37 NY2d 262 [1975].)
*94 But the Trowbridge court itself recognized long-standing exceptions to the bolstering rule. Thus evidence of a prior identification is admissible to rebut a claim of recent fabrication or to rehabilitate the witness’ credibility, "where a witness, who at the trial identified the defendant, was discredited or impeached and the previous identification had been made at a time when the witness was not subject to the discrediting or impeaching influences” (supra, at p 475). The court noted this evidence "was proof of credibility and not at all substantive or affirmative proof of identity” (supra, p 475). When a witness is impeached to the point that the court finds her testimony as to her previous identification is not trustworthy, CPL 60.25 provides that her testimony together with that of a third party shall constitute evidence-in-chief. (CPL 60.25 [2].) The underlying principle is sound because where an identification has been impeached or discredited, there is, as a practical matter, no in-court identification testimony that third-party testimony will enhance or bolster.
The Court of Appeals in People v Cwikla (46 NY2d 434 [1979]), upheld a trial court’s determination which barred a witness from making an in-court identification and allowed third-party confirmation testimony under CPL 60.25. The court wrote: "For purposes of permitting testimony of a prior identification pursuant to this statute, a determination by a trial court that a witness does not possess sufficient recollection to permit an in-court identification of the defendant must be accorded the same effect as a statement by the witness that he cannot now identify the defendant.” (Supra, at p 444; emphasis added.)
In the case at bar, defense counsel made a strategic decision not to object to Ms. Deady’s in-court identification anticipating that CPL 60.25 could not be invoked and that the untrustworthiness of the in-court identification would give rise to a "reasonable doubt.” This court was frank to concede that were it not for the third-party testimony allowed under CPL 60.25, the defendant would have been acquitted. But the fact that a defendant may choose not to move to suppress what may be suppressible is irrelevant for purposes of determining whether the prerequisites of CPL 60.25 have been met.
As recently pointed out by our Court of Appeals in People v Bayron (66 NY2d 77, 81 [1985]), "Central to the admissibility of third-party testimony under CPL 60.25 is the fact that the witness cannot state 'on the basis of present recollection,’ whether or not defendant is the person in question.” However, *95 it is the "determination by a trial court” that the witness is "unable” to accurately identify the defendant which triggers the need for a third party to provide the "logical link.” (People v Cwikla, supra, at p 444.) This is a preliminary question of fact for the court to determine from all the credible testimony before it. Thus this court found, considering the totality of Ms. Deady’s testimony, that her identification of defendant was not based upon "present recollection”, and accordingly she was "unable”, within the meaning of the statute, to make the requisite identification which would preclude third-party testimony under CPL 60.25. This admittedly broad interpretation of this statute is supported by the principle that the hearsay doctrine should not be so restrictively applied that it would result in the exclusion of otherwise reliable evidence from the trier of the facts (cf. People v Arnold, 34 NY2d 548, 549 [1974]).
The court in People v Ponton (90 AD2d 799 [2d Dept 1982], cited in People v Bayron, supra), permitted the testimony of a police officer confirming the victim’s prior identification after the victim stated that he was "80-90%” certain of his in-court identification. Similarly, the court in Matter of Pablo F. (98 Misc 2d 919, 920 [Fam Ct, NY County 1979]) ruled that where a witness testified at trial that the defendant "resembled” one of her attackers, "The uncertainty of the victim’s identification * * * qualifies, in the court’s opinion, as a present inability to state whether or not the [respondent] was the perpetrator within the meaning of CPL 60.25.” (See also, People v Armioia, 109 Misc 2d 1038 [County Ct, Suffolk County 1981].) These cases support a broad reading of CPL 60.25.
Here, unlike Ponton or Pablo F. (supra), the victim’s identification was at first "positive” or 100%, and then uncertainty was eventually expressed as to the basis of her identification. But these are distinctions without a difference; the net result of her testimony was a very untrustworthy identification. Indeed, after cross-examination the identification here was significantly less trustworthy than the "80-90%” identification in Ponton.
Finally, the court notes that because defendant himself "opened the door” to the third-party testimony by discrediting and impeaching the identification, he is in no position to object to its admission. Our Court of Appeals wrote in People v Kirkpatrick (32 NY2d 17, 21 [1973]), "it is settled that a defendant who does not rest after the court fails to grant a motion to dismiss at the close of the People’s case, proceeds *96 with the risk that he will inadvertently supply a deficiency in the People’s case.” Similarly, a defendant may on cross-examination adduce testimony which effectively reduces a "positive identification” to one of less certainty. Here, as in People v Littlejohn (72 AD2d 515 [1st Dept 1979]), the defendant at trial exploited testimony which was later challenged and "[h]aving tacked, thus, and failed, defendant may not relitigate his case [on a postverdict motion]”. (See also, United States ex rel. Abdus-Sabur v Cuyler, 653 F2d 828 [3d Cir 1981].)
To interpret the statute, which is another exception to the hearsay rule, strictly as defendant wishes, would be to exalt form over substance and would allow a calculated strategy to subvert the intention of the statute.
Therefore, the court allowed the testimony of a police officer as to the victim’s identification at the "showup” and lineup as proper under CPL 60.25.