■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOUGLAS JAMERSON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Deeley, J.), entered April 4, 1983, which, after a hearing, granted defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict finding him guilty of robbery in the first degree (two counts) and robbery in the second degree (two counts), and thereupon dismissed the indictment.

Order reversed, on the law, motion denied, indictment and verdict reinstated, and matter remitted to the Supreme Court, Kings County, for the imposition of sentence.

On the evening of September 8, 1979, an armed robbery took place at the Floridian Bar in Brooklyn, during the course of which complainants Sylvia Alexander and Johnnie Tanner were robbed of their jewelry and several hundred dollars in cash. On November 5, 1979, defendant Jamerson was arrested for the robbery. That same day, the complainants and a former employee of the Floridian Bar, Elaine Johnson, picked the defendant out of a lineup. Following two mistrials, defendant was tried a third time and found guilty of two counts of robbery in the first degree and two counts of robbery in the second degree.

Prior to sentencing, the jury's verdict was set aside and the indictment was dismissed on defendant's motion.

The evidence against defendant consisted of testimony from Alexander, Tanner and Johnson that they had identified a man at the lineup because they had recognized him to be one of the perpetrators of the robbery at the Floridian Bar. The three witnesses placed him at the door of the Floridian Bar during the robbery, with Johnson additionally testifying that the person whom she had identified had warned an accomplice to leave her alone and, at some point during the robbery, had been in possession of a shotgun. At the lineup, she recognized him immediately. Tanner's testimony verified Johnson's concerning the shotgun and the warning. An Assistant District

Attorney who was present at the lineup testified at the trial that the man selected by the witnesses was the defendant, Douglas Jamerson. None of the witnesses to the robbery was able to make an in-court identification of the defendant because of his changed appearance.

Tanner testified at the trial that defendant "looks a lot like the guy, but his hair was much longer and he had somewhat of a straggly beard". On cross-examination, he described a photographic identification in the following manner: "Well, it was a picture of the gentlemen, but, like I said, he had a bigger beard * * * a bigger Afro, a somewhat straggly beard". Alexander testified at the trial that she was "not sure" that defendant was the robber because "his hair is cut and [he is] very well clean shaven". She had identified him at the lineup because she recognized his face.

Under CPL 60.25, evidence-in-chief may consist of prior identification testimony together with testimony that the defendant is in fact the person whom the witness identified (see, People v Nival, 33 NY2d 391, cert denied and appeal dismissed 417 US 903). While it is improper to allow a conviction on the basis of a witness' earlier state of mind (see, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.25, p 502), particularly where the witness demonstrates uncertainty about a prior identification (see, People v Brown, 60 AD2d 890), we find that the testimony of the three witnesses at bar sufficiently evidenced their continued certainty of their past identifications, notwithstanding that they were not explicitly questioned in this regard (cf. People v Graham, 67 AD2d 172, 178; People v Dure, 102 AD2d 873). Furthermore, there is no danger that the jury convicted the defendant based upon an erroneous standard, for the trial court instructed the jury that it "must also find that at the time each of the witnesses testified at this trial they were equally certain that the man that they identified at the lineup was indeed one of the persons who committed the robbery".

We have considered the defendant's remaining contention and have found it to be without merit (see, People v Ponton, 90 AD2d 799, 800; People v Burgess, 66 AD2d 667, 668).

Accordingly, the order is reversed, defendant's motion is denied, the indictment and verdict are reinstated and the matter is remitted to the Supreme Court, Kings County, for sentencing. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.