OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Where the only evidence linking a defendant to the crime with which he is charged is identification testimony given pursuant to CPL 60.25, the failure of the identification witnesses to affirmatively state that they were currently certain of the accuracy of their prior identifications does not render that evidence insufficient. Thus, defendant’s contention that the absence of confirmation of the accuracy of the prior identification renders the proof of identity insufficient as a matter of law is without merit.
Notwithstanding that CPL 60.25 may require an affirmative statement by an identification witness that he is currently certain of the accuracy of a prior identification of defendant made on an occasion other than at the time and place of the offense (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.25, p 502), such a requirement would only relate to the foundation for the admissibility of the evidence regarding that prior identification. In addition to the other requirements of CPL 60.25, testimony about a prior identification is admissible pursuant to CPL 60.25 (1) (a) (ii), when it was made "under circumstances consistent with such rights as an accused person may derive under the constitution of this state or of the United States”. Because of this guarantee of reliability, CPL 60.25 (2) allows a past identification to be received as evidence-in-chief connecting the defendant with the commission of the crime. Where defendant seeks to attack the reliability of a past identification on the ground that the witness has not affirmatively stated his current certainty of that identification, he must do so in a timely manner to preserve the issue (CPL 470.05 [2]).
Here, where defendant did not object to the failure of the People’s witnesses to state their current certainty of their prior identifications at the time their testimony was admitted, no issue concerning the admissibility of that identification testimony has been preserved for our review.
*987 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.