■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Levine, J.), rendered January 22, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that evidence concerning his identification, consisting of testimony by a police officer as to a prior identification by an eyewitness, was improperly admitted during trial. We disagree. Once the eyewitness testified that he had observed the crime's occurrence, that he had previously positively identified the defendant under constitutionally permissible circumstances, involving his pointing out the assailants to the police within several minutes of the robbery thus prompting their arrest (see, CPL 60.25 [1] [a] [ii]; cf., People v Decker, 134 AD2d 511; People v Kennedy, 128 AD2d 549, 550, lv denied 69 NY2d 1005), but that he could not identify the defendant at the trial, testimony establishing that the defendant was the individual previously identified was admissible (see, CPL 60.25; People v Nival, 33 NY2d 391, appeal dismissed and cert denied 417 US 903; People v Jamerson, 117 AD2d 754, affd 68 NY2d 984).

We also find that the court correctly denied the defendant's request for a circumstantial evidence charge, as the People's case did not depend wholly on circumstantial evidence (see, People v Ruiz, 52 NY2d 929). Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.