■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WALTER ROCAFUERTE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered May 29, 1985, convicting him of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People declared their readiness to proceed to trial on May 7, 1981, less than four months after the defendant's arrest and within the statutory six-month time period (CPL 30.30 [1] [a]). The defendant, however, argues that the People did not maintain readiness after their announcement. Despite the well-settled rule that postreadiness delay attributed to the People may be counted against them in complying with the readiness requirements of CPL 30.30 (People v Anderson, 66 NY2d 529, 535), the People have sufficiently proved that the three-year delay from May 7, 1981 to October 25, 1984 was caused by the defendant's absence and that due diligence was exercised by the People to locate him (see, CPL 30.30 [4] [c]; People v Berkowitz, 50 NY2d 333, 349; cf., People v Roy, 102 AD2d 876). Moreover, the delay from the time this case was marked "standby" on January 29, 1985 until the commencement of the trial on April 11, 1985 was caused by the court's failure to call the case on an earlier date (see, People v Kendzia, 64 NY2d 331; People v Williams, 130 AD2d 697, 698). Thus, the defendant's constitutional right to a speedy trial has not been denied (see, People v Taranovich, 37 NY2d 442).

Additionally, we find that the defendant was properly identified pursuant to CPL 60.25. Once the complainant stated that he had identified the defendant at the constitutionally permissible showup but could not identify him at trial, testimony establishing that the defendant was the individual identified was properly admitted (see, People v Nival, 33 NY2d 391, cert denied 417 US 903; People v Jamerson, 117 AD2d 754, affd 68 NY2d 984).

We note that the cumulative testimony concerning the complainant's identification of the defendant at a felony hearing should not have been admitted into evidence at trial since this viewing was not conducted under constitutionally permissible circumstances and was, accordingly, inherently unreliable (see, CPL 60.25 [1] [a] [ii]; People v Jamerson, supra). However, in view of the overwhelming evidence of the defendant's guilt, the error was harmless (see, People v Crimmins, 36 NY2d 230).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.