■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BOND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered November 9, 1987, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the showup identification made by the complainant and the other eyewitness. The showup occurred in close spatial and temporal proximity to the robbery *(see, People v Hilton,* 148 AD2d 749) while the witnesses' memories were fresh *(see, People v Fabrizis,* 145 AD2d 504). We note that this encounter was not arranged by the police, and the police officers who arrived on the scene after the defendant had been apprehended by friends of the complainant acted properly and did not engage in any procedures that would render the complainant's positive identification impermissibly suggestive *(see, People v Decker,* 134 AD2d 511). Despite the evidence adduced at trial that the victim may have conferred with her friends before identifying the defendant, the record supports the hearing court's conclusion that these actions did not render the identification unreliable *(see, People v Medina,* 111 AD2d 190). Moreover, once the eyewitnesses had testified as to their observance of the defendant during the crime, and that they had previously positively identified the defendant under constitutionally permissible circumstances, it was not error for

the court to permit the police officer to testify at trial as to this prior identification after the eyewitness could not identify the defendant at trial (see, CPL 60.25; *People v Brown*, 144 AD2d 373).

Viewing the evidence in a light must favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to support the conviction. While there were some inconsistencies in the evidence of the witnesses it is obvious that the jury believed that the complainant had accurately identified the defendant (see, *People v Batts*, 111 AD2d 761). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.