THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON HERNANDEZ, Appellant.

Second Department, March 2, 1990

198

APPEARANCES OF COUNSEL

*Philip L. Weinstein (Diana Zalph* of counsel), for appellant.

*Charles J. Hynes,* District Attorney *(Barbara Underwood, Jessica Hecht* and *Jane Sutley* of counsel), for respondent.

## OPINION OF THE COURT

EIBER, J.

As a general proposition, the testimony of third parties recounting a witness's prior identification is inadmissible to establish the identity of the defendant as the perpetrator of the crime *(see, People v Trowbridge,* 305 NY 471). An exception to this rule is codified in CPL 60.25. Under this statute, a third party who was present at a prior identification is permitted to testify that the defendant was the person previously identified, if certain conditions are met, to wit, (1) the witness must have observed the defendant "at the time and place of the commission of the offense or upon some other occasion relevant to the case", (2) the witness must have subsequently observed the defendant "under circumstances consistent" with due process, and (3) the witness must be "unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question" (CPL 60.25 [1] [a] [i], [ii], [iii]).

The present appeal requires us to decide whether the statutory prerequisites outlined above were established at the trial and whether the testimony of a police officer was properly received as evidence-in-chief of identification. The first two *criteria pose no particular problem with respect to the facts of this case.* Of concern here is the third criterion, i.e., whether the complaining witness was "unable" to make an in-court identification of the defendant "on the basis of present recollection". For the reasons which follow, we conclude that a sufficient foundation existed for the invocation of CPL 60.25, and that the judgment of conviction must, therefore, be affirmed.

I

On July 28, 1986, while allegedly armed with what appeared to be a gun, the defendant stole a watch and a sum of money amounting to approximately $3.25 from the complainant. The robbery occurred in a pizzeria located on Ninth Avenue in Brooklyn. The defendant was arrested moments

later by Police Officer Louis Sanseverino, who responded to a radio transmission reporting the incident. Officer Sanseverino had observed the defendant running away from the pizzeria. He chased the defendant and, after a brief struggle, subdued him and brought him back to the scene of the crime. The defendant was thereupon identified by the complainant as the perpetrator of the robbery. The defendant was searched and found to be in possession of the complainant's watch as well as three dollar bills.

At the trial, which was conducted nearly one year after the incident, testimony was elicited from the complainant regarding the events leading up to the robbery. Although the complainant was unable to identify the defendant in court, the prosecution did establish, during the balance of his direct examination, that the perpetrator of the robbery was the same individual the police had apprehended moments after the commission of the crime. At the conclusion of the complainant's testimony, the defense counsel moved, *inter alia,* to dismiss the indictment based upon the complaining witness's inability to identify the defendant as the perpetrator of the crimes charged therein. The discussion turned to CPL 60.25 and whether an adequate foundation was laid for the introduction of third-party testimony concerning the complainant's on-the-scene identification of the perpetrator. Specifically, the court was asked to rule upon whether the prosecution would be permitted to call the arresting officer for purposes of establishing that the person identified by the complaining witness at the scene of the crime was the defendant.

After considering the statutory and decisional criteria relating to CPL 60.25, the trial court concluded, *inter alia,* that the complainant's failure to make an in-court identification was due to the "absence of * * * current recollection" and that the circumstances, therefore, permitted third-party testimony regarding the prior identification of the defendant. The court, among other things, found it significant that no facts had been adduced to suggest that there was a specific reason, other than a failure of recollection, which might account for the complaining witness's inability to identify the defendant at the trial. The court elaborated: "And because [the complainant] has not given us anything upon which to find that there was any other grounds, a clear implication of [his] looking around and not seeing anyone whom he recognizes, is that he doesn't remember this person at this time".

In accordance with the trial court's ruling, the prosecution

called Police Officer Louis Sanseverino to the stand. The officer confirmed that he apprehended an individual near the scene of the crime and that the complainant contemporaneously identified this individual as the person who had robbed him. The officer was asked if he saw this individual in court and, after responding in the affirmative, identified the defendant as the person he had arrested. At a later point on direct examination, the officer was asked if he could describe the defendant's appearance at the time of his arrest. He responded: "Prior to now he looked like he was a little thinner and his hair was a little longer".

The defendant did not testify, nor did he present any witnesses in his behalf.[1] The jury ultimately found him guilty of robbery in the third degree, grand larceny in the third degree, and criminal possession of stolen property in the fourth degree.

## II

As previously indicated, CPL 60.25 is principally concerned with cases where a witness who has validly identified a defendant on a prior occasion, is, nevertheless, unable to make a trial identification owing to a lapse of memory *(see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.25, at 502; *People v Nival,* 33 NY2d 391, 395, *cert denied and appeal dismissed* 417 US 903). In such circumstances, "testimony of [the witness's] own previous identification, as well as testimony of third persons 'to whom the witness promptly declared his recognition on such occasion' (CPL 60.25 [1] [b]), is allowable as evidence-in-chief of identification" *(see, People v Bayron,* 66 NY2d 77, 81). Although the statute expressly provides that the witness must testify that he is unable, on the basis of present recollection, to state whether the defendant is, in fact, the person in question, it has been held that "a determination by a trial court that a witness does not possess sufficient present recollection to permit an in-court identification of the defendant *must be accorded the same effect* as a statement by the witness that he cannot now identify the defendant" *(see, People v*

---

1. Prior to summations, the defense counsel renewed his objection to the admissibility of third-party identification testimony. After reconsidering the issue, the trial court adhered to its conclusion that the complainant's failure to make an in-court identification was attributable to a lapse of memory and that the necessary predicate for applying CPL 60.25 was therefore established.

*Cwikla,* 46 NY2d 434, 444 [emphasis supplied]; *see also, People v Mitchell,* 143 AD2d 421; *People v Black,* 130 AD2d 353; *People v Sapp,* 130 Misc 2d 90).

With reference to this appeal, we must decide whether or not the trial court erred in concluding that an "absence of * * * current recollection" on the part of the complaining witness justified the admission of third-party identification testimony under CPL 60.25. The defendant contends that the People should not have been permitted to introduce this evidence, since no testimony was elicited to indicate that the complainant suffered from a lack of recollection. He argues, moreover, that the complainant's negative response to the question: "[D]o you see anyone who looks like the [perpetrator] in court today?" should be construed as an affirmative declaration that the defendant was not the perpetrator of the robbery. We are unable to subscribe to this view of the evidence and, instead, find that the complainant's testimony, when read in context, was sufficiently indicative of a lack of present memory so as to furnish a basis for admitting third-party identification testimony.

The basic decision as to whether a witness lacks sufficient "present recollection" (CPL 60.25 [1] [a] [iii]) to make an in-court identification remains a matter for the trial court's discretion *(see, People v Cwikla, supra).* Resolution of this question turns upon an evaluation of the totality of evidence presented *(see, People v Sapp,* 130 Misc 2d 90, 95, *supra).* Although the quantity and quality of proof may vary from case to case, the courts have uniformly identified the lapse of time and change in appearance of the defendant since the prior identification as critical factors in determining whether to admit testimony under CPL 60.25 *(see, People v Nival,* 33 NY2d 391, 394-395, *supra; People v Bruen,* 136 AD2d 648; *People v Jamerson,* 117 AD2d 754, *affd* 68 NY2d 984; *People v Ponton,* 90 AD2d 799; *People v Gonzalez,* 61 AD2d 666, *affd* 46 NY2d 1011). Reliance upon these factors is particularly warranted where the cause of a witness's inability to make a trial identification is unexplained or the testimony which bears upon this issue is vague, nonparticularized, and conclusory in content.

The presence of both of these factors in the case at bar may be said to account for the complaining witness's inability to identify the defendant at the trial. Specifically, the record discloses that the complainant was asked to make an in-court identification nearly one year after the incident. Additionally,

the evidence, as developed at the trial, established that the defendant's appearance had changed in terms of his weight and hair length since the prior identification. Thus, it is fair to conclude that the complainant's memory was impaired by the passage of time and the changed appearance of the person he identified immediately after the incident, when his identification was most trustworthy. It is also fair to conclude, on the basis of these facts, that a lack of present recollection was the sole cause of the complainant's inability to identify the defendant, since there is no real dispute as to the certainty of his prior identification *(see, People v Andre A.,* 146 AD2d 704; *People v Brown,* 144 AD2d 373; *People v Rocafuerte,* 144 AD2d 395; *People v Ponton, supra),* nor were any other facts adduced which might . explain or otherwise lend significance to his failure to implicate the defendant in court. *People v Bayron* (66 NY2d 77, *supra),* upon which the defendant relies, is, therefore, inapposite. The Court of Appeals in *People v Bayron (supra)* held that CPL 60.25 may not be applied in cases where an eyewitness's failure to identify a defendant results from a fear of retribution *(see also, People v Johnson,* 144 AD2d 239). The present case is readily distinguishable in that the complainant manifested an inability to identify the defendant due to a lack of recognition—not a fear of reprisal.

In light of the foregoing, we conclude that the complainant's negative response to the prosecutor's attempt to elicit an in-court identification did not constitute a denial that the defendant was the perpetrator of the robbery. Rather, given the attendant circumstances, we agree with the trial court that the complainant simply suffered from a lapse of memory. Thus, it cannot be said that the admission of Police Officer Sanseverino's identification testimony constituted reversible error[2]. Accordingly, the judgment appealed from is affirmed.

MOLLEN, P. J., THOMPSON and LAWRENCE, JJ., concur.

Ordered that the judgment is affirmed.

---

2. We also take this opportunity to note that the challenged testimony did not violate the prohibition in *People v Trowbridge* (305 NY 471) against bolstering, since the complainant never identified the defendant in court.