■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE JOHNSON, Also Known as WAYNE HOOKS, Appellant. [595 NYS2d 515] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered January 9, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress certain physical evidence, and the appeal is held in abeyance in the interim; the Supreme Court, Kings County, is to file its report with all convenient speed.

The defendant contends, *inter alia,* that the People failed to be ready for trial within six months of the commencement of the criminal action herein, and, therefore, the conviction must be reversed and the indictment dismissed pursuant to CPL 30.30 (1) (a). The People conceded that the commencement of the action was August 16, 1989, the day of the defendant's arrest. The six months following this date consisted of 184 days. The last day counted for purposes of this appeal is October 22, 1990. Thus, prior to any exclusions of time, a total of 432 days passed.

We find that the following days should be excluded from the time counted against the People: (1) 12 days from October 25,

1989, to November 6, 1989, during which time the People delayed a vote on the indictment by the Grand Jury to accommodate the defendant's expressed desire to testify before that body (see, People v Muhanimac, 181 AD2d 464; People v Jason, 158 AD2d 337; People v LoPizzo, 151 AD2d 614), (2) 14 days from January 12, 1990, to January 26, 1990, an adjournment caused by the defendant's nonappearance for arraignment, due to the fact that he was, unbeknownst to the People, in jail on an unrelated charge, under a different name (see, People v Brown, 160 AD2d 256; People v Taylor, 124 AD2d 843; People v Mitchell, 106 AD2d 478; People v Rivera, 106 AD2d 278), (3) seven days from February 27, 1990, to March 6, 1990, an adjournment caused by the defendant's parole hearing (see, People v Gerstel, 134 AD2d 281), (4) 188 days from March 6, 1990 (the day on which the People announced their readiness) to September 10, 1990, which time was spent in motion practice (CPL 30.30 [4] [a]), (5) 20 days from September 10, 1990, to September 30, 1990, the time during which the People were unable to produce a police witness who had been injured in an accident (see, People v Goodman, 41 NY2d 888; People v Martin, 142 AD2d 737), and (6) seven days from October 15, 1990 to October 22, 1990, a delay caused by court congestion (see, People v Brothers, 50 NY2d 413; People v Rocafuerte, 144 AD2d 395). Thus, the total number of excluded days is 248. This brings the time chargeable to the People to 184. Thus, the defendant's motion to dismiss the indictment pursuant to CPL 30.30 was properly denied.

However, the trial court erred in denying the defendant's motion to reopen the Mapp hearing when certain Rosario material (see, People v Rosario, 9 NY2d 286, rearg denied 14 NY2d 876) was produced by the People after the Mapp hearing had been closed. This material consisted of a Lab Request Form, upon which the arresting officer, who had testified at the hearing, had written a brief snyopsis of the arrest. In the Lab Request Form under the heading "Details of Offense," the arresting officer wrote "Compl was robbed at gunpoint—pers prop removed—via central description. Chased perps—slight struggle—money & gun rec'd". Its contents in no way contradicted the officer's testimony. However, in requesting a reopening of the Mapp hearing, defense counsel argued that the statement was inconsistent because it omitted certain details, such as the fact that the defendant slipped on a chicken bone while being chased. Those additional details were contained in the complaint report which had been disclosed to the defendant prior to the Mapp hearing.

Although it is clear that the primary purpose of the Lab Request Form was simply to request the testing of the operability of the gun and the ammunition, and would naturally contain a truncated synopsis of the events, we are constrained by the holding in *People v Banch* (80 NY2d 610) to order a new *Mapp* hearing. In *Banch,* the Court of Appeals ruled that, without any inquiry into prejudice, the defendant is entitled to a new hearing as a remedy for a pretrial *Rosario* violation.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.