■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HUDSON, Appellant. [607 NYS2d 418] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered April 16, 1992, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, the prosecutor asked the complaining witness "[w]ould you be able to recognize [the defendant] today, the one that had the knife?" to which the witness responded that "I'm not very sure". The People moved, pursuant to CPL 60.25, to introduce the arresting police officer's testimony as to the complainant's out-of-court identification. The trial court granted the motion. The defendant contends that the trial court should not have allowed this testimony because there was no evidence that the witness's inability to identify the defendant was due to lack of present recollection. Further, at sentencing the prosecutor indicated that the inability was due to fear.

CPL 60.25 allows third-party testimony where a witness has validly identified a defendant on a prior occasion and is unable to make an identification at trial because of a lack of a present recollection *(see, People v Hernandez,* 154 AD2d 197). We find that there was sufficient evidence in the record to justify the trial court's finding that the complainant could not identify the defendant for that reason.

Further, the court did not unfairly marshal the evidence during its charge to the jury. The court referred to the

evidence to the extent necessary to explain the application of legal principles to the factual issues in the case *(see,* CPL 300.10 [2]). In addition, the court referred to the defendant's main contention that the complainant misidentified the defendant *(see, People v Ivery,* 189 AD2d 895). Considering the charge as a whole, we find that it was proper. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.