■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE JOHNSON, Appellant. [616 NYS2d 542] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered January 9, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. By decision and order dated March 29, 1993, this Court remitted the matter to the Supreme Court, Kings County, to hear and report on the branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal was held in abeyance in the interim *(People v Johnson,* 191 AD2d 709). The Supreme Court, Kings County, conducted a hearing, and it has now submitted its report to this Court.

Ordered that the judgment is affirmed.

The police received descriptions of two robbers, one wearing a purple Los Angeles Lakers T-shirt and shorts and the other wearing green shorts and a green shirt made of a leather-like material. Upon seeing two men, the defendant and an unknown companion, who matched the descriptions of the two suspects, the police possessed the necessary reasonable suspicion to justify stopping the defendant *(see, People v De Bour,* 40 NY2d 210, 223; *People v Thorne,* 184 AD2d 797). However, even if the police did not possess the necessary reasonable suspicion, they clearly had a founded suspicion that criminal activity was afoot justifying the common-law right of inquiry, which ripened into reasonable suspicion when the defendant fled upon the approach of the police *(see, People v De Bour, supra; People v Leung,* 68 NY2d 734; *People v Jackson,* 172 AD2d 561). The fact that there is a four-inch discrepancy between the description of the defendant's height that was broadcast to police and the defendant's actual height does not change this result *(see, e.g., People v Fernandez,* 58 NY2d 791).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Lawrence and Pizzuto, JJ., concur.