■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SHIM, Appellant. [630 NYS2d 510] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered November 22, 1991, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the second degree, and intimidating a witness in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Golia, J.), of the branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

At the defendant's first trial, during the cross-examination of the People's second witness, it was revealed that the prosecution had failed to give to the defense a notebook containing the notes of a police officer who had already testified at the Huntley hearing (see, People v Huntley, 15 NY2d 72) and at trial. The Supreme Court granted the defendant's motion for a mistrial. The defendant was subsequently convicted at a second trial of, inter alia, manslaughter in the second degree.

The defendant contends that the Supreme Court should have reopened the Huntley hearing and that the Supreme Court erred in finding that there was nothing in the notebook that was related to the Huntley hearing. We agree. Upon our review of the record, we find that the notebook is Rosario material (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866) and that it should have been given to the defendant prior to the hearing (see, People v Banch, 80 NY2d 610; People v Malisky, 15 NY2d 86, 90). Accordingly, the defendant is entitled to a new Huntley hearing. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.