■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL BROWN, Appellant. [648 NYS2d 963] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered July 11, 1995, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant. [648 NYS2d 987] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered May 26, 1994, convicting him of robbery in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The absence of a witness as a result of a debilitating illness

was a sufficient basis for excluding the 28 days of adjournments for speedy trial purposes (*see,* CPL 30.30 [4] [g]; *see, People v Goodman,* 41 NY2d 888, 889-890; *People v Johnson,* 191 AD2d 709, 710).

Additionally, although the defendant contends that the testimony of the People's key witness was incredible and unworthy of belief, resolution of issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Altman and Hart, JJ., concur.