■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WARD, Appellant. [667 NYS2d 300] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered November 14, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on those branches of the defendant's omnibus motion which were to suppress certain physical evidence and identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

The defendant was arrested after he sold narcotics to an undercover officer in a so-called "buy-and-bust" operation. At the defendant's trial, it was revealed that the prosecution had failed to turn over to the defense a photocopy of the prerecorded money. The photocopy included some notations made by the arresting officer, who had already testified at the pretrial suppression hearing. The trial court denied the defendant's motion to reopen his suppression hearing.

As the People correctly concede, "without any inquiry into prejudice, the defendant is entitled to a new hearing as a remedy for a pretrial *Rosario* violation" (*People v Johnson,* 191 AD2d 709, 711, *opn after remand* 207 AD2d 806; *see, People v Banch,* 80 NY2d 610; *People v Shim,* 218 AD2d 757). Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.